UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JAMES DAVIS, | Civil Action No. 15-3568 (MAS) |
| Petitioner, |  |
| v. | **MEMORANDUM AND ORDER** |
| STEPHEN M. D'ILIO, et al. |  |
| Respondents. |  |

This matter having come before the Court on the Petition for Writ of Habeas Corpus of Petitioner James Davis, for relief under 28 U.S.C. § 2254. The Court has reviewed the Petition, the records of proceedings in this matter, and the Answer of Respondents. It appearing:

1. Upon the Court's review, it appears that the Petition is time-barred by the one-year statute of limitations period under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1).

2. Respondents, in their Answer, did not address this timeliness issue.

3. Nevertheless, "district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." *Day v. McDonough*, 547 U.S. 198, 209 (2006). The district court may raise *sua sponte* the AEDPA statute of limitations defense even after an answer has been filed. *Day*, 547 U.S. at 209; *Long v. Wilson*, 393 F.3d 390, 404 (3d Cir. 2004). "[B]efore acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions. Further, the court must assure itself that the petitioner is not significantly prejudiced by the delayed focus on the limitation issue, and determine whether the interests of justice would be better served by addressing the merits or by dismissing the petition as time

barred." *Day*, 547 U.S. at 210. "[A]fter the Rule 4 period has ended, courts may continue to raise the AEDPA statute of limitations issue *sua sponte*, but only after providing . . . notice, an opportunity to respond, and an analysis of prejudice." *United States v. Bendolph*, 409 F.3d 155, 158 (3d Cir. 2005). "[T]he AEDPA statute of limitations is an important issue, the raising of which may not necessarily be left completely to the state." *Long*, 393 F.3d at 402. "[T]he statute of limitation implicates the interests of both the federal and state courts, as well as the interests of society, and therefore it is not inappropriate for the court, on its own motion, to invoke the doctrine." *Id.* (quoting *Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000)).

4. Based on the Court's review of the Petition and the Answer, it appears that the Petition is statutorily time-barred. According to the appellate court on review of Petitioner's application for post-conviction relief ("PCR"), he filed his PCR application in November 2007. *State v. Davis*, Indictment No. 02-05-0670, 2014 WL 5460723, at *1 (N.J. Super. Ct. App. Div. Oct. 29, 2014). This is confirmed by the Petition, where Petitioner asserts that he filed a PCR application on November 19, 2007. (Pet. 3, ECF No. 1.) That PCR application was denied by the PCR trial court on April 12, 2011. (*Id.*) Petitioner then alleges that he filed a "second" PCR application on October 16, 2012. (*Id.* at 4). But, as it turns out, that filing was merely the appeal of the first PCR denial. *Davis*, 2014 WL 5460723, at *1.

5. State rules require that an appeal be filed within 45 days, *see* N.J. Court Rules, R. 2:4-4(a), *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). As such, Petitioner's deadline to file a timely appeal of the PCR denial expired on May 27, 2011, so his appeal was filed more than sixteen months late. When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of time to appeal and when the appeal was actually filed. *Swartz v. Meyers*, 204 F.3d 417, 423 n.6

2

(3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."). Therefore, Petitioner's one-year limitations period under AEDPA to file a federal habeas petition expired long before the instant Petition was filed, due to the prolonged delay in filing his PCR appeal.

6. Because the Court is raising *sua sponte* the issue of timeliness, the Court will afford Petitioner a chance to argue for equitable tolling. Particularly, Petitioner may submit to this Court any arguments, supported by evidence, why the extended delay in filing the PCR appeal detailed above should be excused and equitably tolled. Petitioner may also raise any other argument as appropriate with regard to the timeliness of the Petition.

IT IS therefore on this 31st day of March, 2016,

ORDERED that Petitioner shall, within thirty (30) days of the date of entry of this Order, show cause in writing, in the manner directed above, as to why the Petition should not be denied as time-barred; *see Day*, 547 U.S. at 209 (holding that a show cause order is an appropriate method for the court to give notice to a petitioner for the *sua sponte* raising of a timeliness issue); it is further

ORDERED that Respondent shall have 14 days, after receipt of Petitioner's submission above, to respond; and it is further

ORDERED that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular mail.

_____
Michael A. Shipp
United States District Judge