**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

JAMES DAVIS,              :

           Petitioner,     :

       v.              :

STEPHEN M. D'ILIO, et al.,    :

          Respondents.    :

Civil Action No. 15-3568 (MAS)

**MEMORANDUM OPINION**

---

This matter comes before the Court on the Petition for Writ of Habeas Corpus of Petitioner James Davis ("Petitioner"), for relief under 28 U.S.C. § 2254. (Pet., ECF No.1. ) It appearing that:

     1.      On March 31, 2016, the Court issued a show-cause order directing Petitioner to show why the Petition should not be denied as untimely. (Order, Mar. 31, 2016, ECF No. 11.)

     2.      In the show-cause order, the Court found that, based on its review of the Petition and Answer, the Petition appeared to be statutorily time-barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Specifically, on review of Petitioner's application for post-conviction relief ("PCR"), the appellate court found that Petitioner filed his PCR application in November 2007. *State v. Davis*, Indictment No. 02-05-0670, 2014 WL 5460723, at *1 (N.J. Super. Ct. App. Div. Oct. 29, 2014). This is confirmed by the Petition, wherein Petitioner asserts that he filed a PCR application on November 19, 2007. (Pet. 3.) The PCR trial court denied the PCR application on April 12, 2011. (*Id.*) Petitioner alleges that he filed a "second" PCR application on October 16, 2012. (*Id.* at 4.) That filing, however, was merely the appeal of the first PCR denial. *Davis*, 2014 WL 5460723, at *1.

3.      State court rules require that an appeal be filed within 45 days. *See* N.J. Ct. R. 2:4-4(a); *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). As such, Petitioner's deadline to file a timely appeal of the PCR denial expired on May 27, 2011, so his appeal was filed more than sixteen months late. When an out-of-time appeal is filed, even if the appeal is accepted as properly filed by the state appeals court, statutory tolling does not include the period between the expiration of the time to appeal and when the appeal was actually filed. *Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which [the petitioner's] nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."). Therefore, due to the prolonged delay in filing his PCR appeal, Petitioner's one-year limitations period under § 2244(d) to file a federal habeas petition expired long before he filed the instant Petition.

4.      In his response to the Court's show-cause order, Petitioner argues for equitable tolling, asserting that the delay in filing his PCR appeal was due to the fault of his PCR counsel. For habeas petitions, even when the statutory time bar has passed, a petitioner may overcome that limitation if he can show a basis for equitable tolling. *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum; or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim." *Gibbs v. Goodwin*, No. 09-1046, 2009 WL 1307449, at *3 (D.N.J. May 1, 2009) (internal citations omitted).

5.      "The diligence required for equitable tolling purposes is reasonable diligence." *Ross*, 712 F.3d at 799. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *Id.* "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." *Id.* at 800.

6.      Petitioner asserts that in April 14, 2011 and April 27, 2011 correspondence, his PCR counsel had essentially "promised" to file an appeal. (Pet'r's Resp. 2-3, 6, 8, ECF No. 12.) Petitioner also asserts that in correspondence dated February 15, 2012, his counsel indicated that there had been no discussion of Petitioner's appellate rights. (*Id.* at 2, 10.) Equitable tolling, however, is only warranted under extraordinary circumstances that would have *prevented* a petitioner from filing a timely habeas petition. *Lozano v. Montoya Alvarez*, 134 S. Ct. 1224, 1232 (2014); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005). "[F]or a petitioner to obtain relief there must be a causal connection, or nexus, between the extraordinary circumstances he faced and the petitioner's failure to file a timely federal petition." *Ross*, 712 F.3d at 803. "To secure equitable tolling, it is not enough for a party to show that he experienced extraordinary circumstances. He must further demonstrate that those circumstances caused him to miss the original filing deadline." *Id.* at 803 n.29 (quoting *Harper v. Ercole*, 648 F.3d 132, 137 (2d Cir. 2011)). "The word 'prevent' requires the petitioner to demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Id.* (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

7.      "[A]ttorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)); *see Valerio v. United States*, No. 15-1906, 2015 WL 4086577, at *3 (D.N.J. July 6, 2015).  Indeed, in *Schlueter*, the Third Circuit found that even an attorney's promise to file a PCR appeal, which promise he ultimately did not fulfill, was not an extraordinary circumstance entitled to equitable tolling when the petitioner knew that the appeal had not been filed.  384 F.3d at 76-77.  In *Seitzinger v. Reading Hospital & Medical Center*, 165 F.3d 236, 241 (3d Cir. 1999), the Third Circuit recognized that under very limited circumstances the conduct of a litigant's attorney could give rise to equitable tolling—only if the attorney's conduct *prevented* the litigant from making a timely filing.  For example, in *Seitzinger*, the court found that although the litigant was diligent and knew that her complaint had not been filed, she was nevertheless *prevented* from making a timely filing through other means because the attorney *lied* to her and told her that the complaint had already been filed—certainly, no litigant would attempt to remedy an attorney's nonfeasance if the litigant was actively misled into believing that the attorney had already made the filing.  *Id.*  That was not the case here.

8.      Regardless of counsel's conduct, however, Petitioner had an independent obligation to ensure that his rights were timely and properly asserted.  That is, unless counsel's conduct prevented Petitioner from asserting his rights, Petitioner was still required to exercise reasonable diligence to warrant equitable tolling.  When a petitioner is represented by counsel, factors to consider in the reasonable diligence inquiry for equitable tolling purposes include: (1) whether the petitioner hired an attorney to file the petition; (2) whether the petitioner contacted the attorney prior to the filing deadline; and (3) whether the petitioner consistently called the

attorney to monitor the status of his case. *Fogg v. Carroll*, 465 F. Supp. 2d 336, 345 (D. Del. 2006) (citing *Schlueter*, 384 F.3d at 83). In that regard, the Third Circuit has held that even when counsel fails to file a PCR appeal, equitable tolling is not warranted if the petitioner could have simply filed a pro se notice of appeal to toll his federal habeas statute of limitations. *See Brown v. Shannon*, 322 F.3d 768, 773-74 (3d Cir. 2003).

9.      Beyond his assertion of attorney nonfeasance, Petitioner provides no evidence to demonstrate that he fulfilled his independent obligation to exercise reasonable diligence. There is no evidence that Petitioner contacted his attorney prior to his filing deadline or that he had consistently called his attorney to monitor the status of his case. At any point during the sixteen months prior to filing the PCR appeal, Petitioner could have discovered that his counsel had not filed an appeal and made a pro se filing to toll the statute of limitations and to ensure that his federal habeas rights were protected. In fact, Petitioner had notice that an appeal had not been filed by virtue of the February 15, 2012 correspondence in which Petitioner's counsel indicated that there had been no discussion of Petitioner's appellate rights. Petitioner, however, provides no explanation as to why the actual appeal was not filed until October 16, 2012, or why he could not have filed a pro se notice of appeal between February and October of 2012. Given that Petitioner's deadline to file a PCR appeal was May 27, 2011, had he filed a late notice of appeal prior to May 27, 2012, statutory tolling would have ensured that he had time left to file a federal habeas petition. *See Rinaldi v. Gillis*, 248 F. App'x 371, 381 (3d Cir. 2007) (finding that equitable tolling was not warranted for the alleged extraordinary circumstance that occurred in state PCR proceedings, when the petitioner still had one-and-one-half months to make a filing that would have triggered statutory tolling). The Court does not condone counsel's alleged behavior, but that did not excuse

Petitioner's own failure to exercise reasonable diligence. Here, there is no evidence that Petitioner exercised any diligence at all, let alone reasonable diligence.

10.     The Court further construes Petitioner's response as raising three additional arguments: (1) his counsel was ineffective in pursing his PCR claims; (2) because the state appellate court found good cause to accept his PCR appeal as timely filed, this Court should give deference to that holding; and (3) counsel's ineffective assistance excuses his untimeliness under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). These arguments lack merit. First, Petitioner does not have a constitutional right to counsel in a state PCR proceeding. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Thus, ineffective assistance of PCR counsel is not a cognizable claim in a federal habeas proceeding. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). Accordingly, even if Petitioner's PCR counsel was ineffective, that is irrelevant to the instant matter.

11.     Second, the PCR appellate court's acceptance of Petitioner's late appeal has no relevance to this habeas petition. "[O]n federal habeas review, this Court is governed by federal rules, case law, and statutes regarding the timeliness of federal habeas petitions." *Lee v. Hastings*, No. 13-2190, 2015 WL 5177619, at *3 (D.N.J. Sept. 3, 2015). As such, this Court, and courts in this district, have repeatedly held that § 2244(d)'s statute of limitations runs independently from any state-imposed time limits. *Murphy v. Holmes*, No. 12-3188 (MAS), 2015 WL 5177640, at *2 (D.N.J. Sept. 4, 2015); *Figueroa v. Buechele*, No. 15-1200, 2015 WL 1403829, at *3 (D.N.J. Mar. 25, 2015); *Anderson v. Goodwin*, No. 08-5183, 2010 WL 3812366, at *7 (D.N.J. Sept. 22, 2010) ("[W]hile [the petitioner's] state PCR petition may not have been untimely under state law, it certainly was untimely under the federal statute of limitations for habeas actions."). It does not

matter that Petitioner's PCR appeal was accepted as timely by the state court; federal habeas petitions are governed by the federal habeas statute and federal law.

12.    Third, Petitioner's reliance on *Martinez* is misplaced. *Martinez* held that in certain circumstances, a PCR counsel's ineffective assistance may be good cause to excuse *procedural default*, not untimeliness. 132 S. Ct. at 1320. There is no procedural default in the instant matter. As the Court discussed above, Petitioner filed a PCR application, and his PCR appeal, while late, was accepted by the state court. Accordingly, Petitioner's claims were raised at all levels of the state courts and properly exhausted. Since the alleged ineffective assistance of PCR counsel did not cause Petitioner to procedurally default on any claim, *Martinez* does not apply to the instant matter.

13.    The Court, having analyzed Petitioner's arguments and having found them meritless, now finds that the Petition is untimely and that Petitioner has not shown good cause as to why his Petition should not be denied. As such, the Court denies the Petition as time-barred.

14.    Finally, the Court denies a certificate of appealability. Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), the United States Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." Here, the Court denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that denial of the Petition is correct.


MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

Dated: February 6th, 2017

8